IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO:

KEITH AND CHESSIE BADGLEY,
individually, and as parents and guardians for C. H.,

    Plaintiffs,

v.

FIDUCIARY TRUST SERVICES, LLC.,
OSCEOLA WOODS HOMEOWNERS ASSOCIATION, INC.,
TOMASZ DZIURZYNSKI, FIRST SERVICE RESIDENTIAL
FLORIDA, INC., and CHRISTINA VAN DER WESTHUIZEN

    Defendants
_____/

## COMPLAINT

COMES NOW, Plaintiffs, KEITH and CHESSIE BADGLEY, individually, and as parents and guardians for C.H., by and through his undersigned counsel, and files this Complaint against the Defendants, FIDUCIARY TRUST SERVICES, LLC., TOMASZ DZIURZYNSKI, OSCEOLA WOODS HOMEOWNERS ASSOCIATION, INC., FIRST SERVICE RESIDENTIAL FLORIDA, INC., and CHRISTINA VAN DER WESTHUIZEN, states as follows:

### JURISDICTIONAL ALLEGATIONS

1.    The Court has original jurisdiction pursuant to 11 U.S.C. § 1331, 42 U.S.C. § 3613, as this lawsuit is brought under the Fair Housing Act and the Palm Beach County Code of Ordinances.

2.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) because (b) a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred and are

occurring within this judicial district and a substantial portion of the property that is the subject of the action is situated within this judicial district.

3. The Plaintiffs, KEITH and CHESSIE BADGLEY are residents of Palm Beach County, Florida, and are otherwise sui juris.

4. At all times material, Florida Land Trust dated June 3, 2017, and numbered 2018-006-103WICC owned the residential rental property, located at 103 West Indian Crossing Circle, Jupiter, Palm Beach County, Florida (hereinafter the subject property).

5. At all times material, Defendants FIDUCIARY TRUST SERVICES, LLC., operated the subject property together with TOMASZ DZIURZYNSKI, who is the beneficiary of the Trust and the agent of FIDUCIARY TRUST SERVICES, LLC.

6. Defendant FIDUCIARY TRUST SERVICES, LLC (hereinafter "FIDUCIARY TRUST SERVICES") is a Florida Limited Liability Company, licensed to and doing business in Palm Beach County, Florida.

7. At all times material, OSCEOLA WOODS HOMEOWNERS ASSOCIATION, INC., is the Homeowner's association who managed the affairs of the neighborhood pursuant to their governing documents and approved residents of the subject property

8. Defendant OSCEOLA WOODS HOMEOWNERS ASSOCIATION, INC. (hereinafter "OSCEOLA WOODS") is a Florida not for profit corporation, licensed to and doing business in Palm Beach County, Florida.

9. Defendant FIRST SERVICE RESIDENTIAL FLORIDA, INC., (Hereinafter "FIRST SERVICE RESIDENTIAL") is a Florida corporation, licensed to and doing business in Palm Beach County, Florida.

10. FIRST SERVICE RESIDENTIAL is the property management company and agent of OSCEOLA WOODS hired to manage the affairs of the OSCEOLA WOODS.

11. The Defendant, CHRISTINA VAN DER WESTHUIZEN (hereinafter VAN DER WESTHUIZEN), is the Licensed Community Association Manager (LCAM), an employee of FIRST SERVICE RESIDENTIAL and agent for OSCEOLA WOODS and is otherwise sui juris.

12. Community manager Defendant VAN DER WESTHUIZEN, and her employer FIRST SERVICE RESIDENTIAL, as well as Defendant DZIURZYNSKI and his principal, FIDUCIARY TRUST SERVICES, LLC., personally implemented and enforced all of the discriminatory decisions, rules and regulations of OSCEOLA WOODS with knowledge of the illegality of such decisions, rules and regulations.

13. The rental unit at issue is a "dwelling" within the meaning of 42 U.S.C. § 3602(b), and "dwelling units" within the meaning of 24 C.F.R. § 100.21.

## GENERAL ALLEGATIONS

14. KEITH and CHESSIE BADGLEY are parents of four minor children, one of whom has a mental impairment.

15. At the time of this matter, the BADGLEY's son C.H. was ten years old and suffered from Post-Traumatic Stress Disorder (PTSD), Bipolar Disorder, Anxiety, and ADHD.

16. This mental impairment interferes with his ability to communicate and interact socially and requires a person assigned to him at school to help him get through the day.

17. C.H. is considered "handicapped" under 42 U.S.C. § 3602(h)(1), and at all times material, KEITH and CHESSIE BADGLEY are associated with a person with a disability and, accordingly, covered persons under 42 U.S.C. § 3604(f)(2).

18. Due to a change in medication, C.H. has been and experiencing Bipolar Disorder related outbursts and working to adapt to this recent adjustment.

19. The BADGLEYs rented and lived at the subject premises located at 103 West Indian Crossing Circle, Jupiter, Palm Beach County, Florida.

20. The BADGLEYs found the subject rental premises through an advertisement on Craigslist.

21. After contacting DZIURZYNSKI, and viewing the property, KEITH and CHESSIE BADGLEY entered into a one-year lease agreement with a rental term lasting from July 12, 2018 through July 11, 2019.

22. Since switching to a new medication, C.H. has experienced a number of Bipolar Disorder and PTSD related outbursts resulting in calls to emergency services.

23. Starting July 21, 2018, there were a total of eight emergency calls for paramedic and police assistance within an eight-week period for mental health-related reasons, such as suicide threats. For all of these episodes, there was no threat to the person or property of a neighbor or of the association.

24. The BADGLEYs completed and submitted their application to OSCEOLA WOODS on August 6, 2018.

25. On August 17, 2018, KEITH BADGLEY received a text message from DZIURZYNSKI stating that VAN DER WESTHUIZEN, the Property Manager for OSCEOLA WOODS had contacted and informed him that the police were called to the subject rental unit on several occasions and that it might be in his interest to find out what was happening.

26. DZIURZYNSKI sent a picture of VAN DER WESTHUIZEN's email in their text conversation to alert BADGLEY.

27. DZIURZYNSKI threatened the BADGLEYs with a breach of their lease because the police presence was a disturbance of the community's peace. DZIURZYNSKI asserted that this was the decision of OSCEOLA WOODS and further stated that, "I will not have a problem with this as long as this is not gonna be happening anymore."

28. KEITH BADGLEY explained the nature of his son's disabilities to DZIURZYNSKI and explained that C.H. was changing medications and needed some time so they could do in-home therapy with the CAT team as suggested by their crisis interventionalist. This was a reasonable accommodation required of the noise ordinance.

29. DZIURZYNSKI alerted KEITH BADGLEY to make sure that the continuation of emergency service calls and community disturbances ceased and that he would try to work out the situation with OSCEOLA WOODS.

30. DZIURZYNSKI stated to KEITH BADGLEY that OSCEOLA WOODS "are already watching and not liking it. - that's one of things that comes with neighbors and HOA."

31. The BADGLEYs received a letter dated September 7, 2018, from Property Manager VAN DER WESTHUIZEN, that the Board of OSCEOLA WOODS denied their lease application because of failure to comply with the terms of OSCEOLA WOODS.

32. KEITH BADGLEY contacted DZIURZYNSKI by text and asked why their lease agreement was denied, DZIURZYNSKI specified that the OSCEOLA WOODS board of directors denied their application because of the "multiple cases of police emergencies" and "police units were constantly swarming the community."

33. DZIURZYNSKI advised Property Manager VAN DER WESTHUIZEN about C.H.'s mental disability and change of medication and requested medical documentation.

34. BADGLEY attempted to reach out to OSCEOLA WOODS and VAN DER

WESTHUIZEN, but they did not acknowledge them as residents after sending the denial letter in September, and informed BADGLEY that he needed to speak to his landlord.

35. DZIURZYNSKI advised BADGLEY that many police officers were called and arrived in multiple cars, making it seem like they were responding to criminal activity.

36. On September 18, 2018, the BADGLEYs hired an attorney that sent a letter to DZIURZYNSKI, advising that he failed to follow the appropriate rules and regulations of the Association when the BADGLEY's did not go through the proper approval process by the board.

37. The notice reaffirmed that DZIURZYNSKI was notified about BADGLEY's minor disabled child and that the medical emergency calls were genuine due to their sons' reaction to his new medication. The notice formally requested a reasonable accommodation to any applicable noise or medical assistance ordinance to allow C.H. to get acclimated to the medication and to do home therapy.

38. BADGLEY's request was ignored; instead, on September 21, 2018, DZIURZYNSKI sent the BADGLEYs a Notice of Noncompliance asserting that they were not complying with "paragraph #11 - Violation of quiet enjoyment clause" of their rental agreement and advised that their neighbors were "complaining about loud screams and fights in the middle of the night." Furthermore, if there were any further disturbances, the lease agreement would be deemed to be terminated, and they would be subject to eviction.

39. Three days later, on September 24, 2018, KEITH and CHESSIE BADGLEY decided to admit C.H. to an inpatient psychiatric facility because they feared eviction if they called for emergency services once again.

40. After the submission of the September 2018 notices, there were no further

communications in reference to noncompliance or modifications between DZIURZYNSKI, VAN DER WESTHUIZEN, or the BADGLEYs.

41. C.H. lived in the inpatient psychiatric facility for over six months.

42. The child was discharged and returned home on April 10, 2019.

43. From the date their son returned from the inpatient psychiatric facility on April 10, 2019, the BADGLEYs continued to live under the threat of eviction if another mental health episode led to calling emergency services and causing another disturbance.

44. They were unable to enjoy the remainder of their lease from the time they received the letter of noncompliance through the end of their lease.

45. The family remained in the subject rental unit for the entirety of their lease agreement until they moved out on July 11, 2019.

46. A complaint was filed with the Office of Equal Opportunity (OEO) on September 19, 2019, and then subsequently filed with the U.S. Department of Housing and Urban Development (HUD) on October 2, 2019.

47. A Cause finding was issued on May 20, 2020, by the Palm Beach Office of Equal Opportunity against DZIURZYNSKI and OSCEOLA WOODS.

48. All necessary condition precedents have been satisfied or have been waived.

49. The Plaintiffs have retained Disability Independence Group, Inc, and The Gaines Firm, to represent them in this action and have agreed to pay them a reasonable fee for their services herein.

### COUNT I- 42 U.S.C. § 3604(f)(1) AND 15-58(1) OF THE PALM BEACH COUNTY ORDINANCE DISPARATE TREATMENT- DENYING OR MAKING A DWELLING UNAVAILABLE

50. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 49 above as though fully set forth herein.

51. Defendants had actual knowledge of C.H.'s disability.

52. Defendants treated Plaintiffs differently solely because of C.H.'s disability and did not want him residing at Osceola Woods.

53. Defendants OSCEOLA WOODS HOMEOWNERS ASSOCIATION, INC., FIRST SERVICE RESIDENTIAL FLORIDA, INC., and CHRISTINA VAN DER WESTHUIZEN denied tenancy to Plaintiffs motivated by and based on the disability of C.H.

54. Defendants FIDUCIARY TRUST SERVICES, LLC. and its agent, TOMASZ DZIURZYNSKI, threatened Plaintiffs with eviction solely based upon C.H.'s disability and forced C.H. into an institutional setting.

55. Pursuant to 42 U.S.C. § 3604(f)(1), it is unlawful "to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of (A) that buyer or renter, (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or (C) any person associated with that buyer or renter.

56. Under 42 U.S.C. § 3604(f)(9), a limited exception to this provision exists allowing a landlord to reject "an individual whose tenancy would constitute a direct threat to the health or safety of other individuals or whose tenancy would result in substantial physical damage to the property of others."

57. In determining whether an individual poses a direct threat to the health or safety of others, a public entity must make an individualized assessment, based on reasonable judgment that

relies on current medical knowledge or on the best available objective evidence, to ascertain: the nature, duration, and severity of the risk; the probability that the potential injury will actually occur; and whether reasonable modifications of policies, practices, or procedures or the provision of auxiliary aids or services will mitigate the risk. 28 CFR § 35.139.

58. Defendant made no individualized assessment about whether C.H. was a direct threat to the health or safety of others and failed to consider: (1) the nature, duration, and severity of the risk of injury; (2) the probability that injury will actually occur; and (3) whether any reasonable accommodations would eliminate the direct threat.

59. Defendants did not consider whether C.H. had a history of overt acts, whether C.H. had received any treatment or the recommendations of his doctors. Defendant had no objective evidence that C.H. posed a direct threat to persons or property, as is required to trigger the "direct threat" exception.

60. Defendants failed to make even the most minimal of investigations by speaking with its own employees regarding the events which occurred, or the veracity of the allegations made against Plaintiffs.

61. The Fair Housing Act does not allow for the exclusion of individuals based upon fear, speculation, or stereotype about a particular disability or persons with disabilities in general.

62. Defendants' actions were based on unsubstantiated stereotypes about people with mental disabilities or persons with disabilities in general.

63. Such failure to approve the lease and/or attempted eviction by Defendants were motivated by a discriminatory purpose and in total disregard of Plaintiffs' rights and indifferent to the disability and needs of Plaintiffs.

64. Further, as a direct and proximate result of Defendants' discrimination, Plaintiffs

have suffered irreparable loss and injury, including, but not limited to, actual damages, humiliation, emotional distress, and deprivation of the right to equal housing opportunities regardless of disability.

WHEREFORE, Plaintiffs, KEITH and CHESSIE BADGLEY, individually, and as parents and guardians for C.H., demands judgment against the Defendants, FIDUCIARY TRUST SERVICES, LLC., TOMASZ DZIURZYNSKI, OSCEOLA WOODS HOMEOWNERS ASSOCIATION, INC., FIRST SERVICE RESIDENTIAL FLORIDA, INC., and CHRISTINA VAN DER WESTHUIZEN, to declare that the actions of the Defendants violated the Fair Housing Amendments Act and Palm Beach County Code by discriminating against persons with disabilities; and award Plaintiffs injunctive relief to prohibit such discriminatory actions, and extensive training on the requirements of the Fair Housing Act, as well as compensatory and punitive damages, and their attorneys' fees and costs, as well as any other such relief as this Court, deems just and equitable.

### COUNT II- 42 U.S.C. § 3604(f)(2)(A) AND 15-58(7) OF THE PALM BEACH COUNTY ORDINANCE -DISCRIMINATORY TERMS, CONDITIONS OR PRIVILEGES OR SERVICES AND FACILITIES

65. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 49 above as though fully set forth herein.

66. Pursuant to 42 U.S.C. §3604(f)(2)(A) and 15-58(7) of The Palm Beach County Ordinance -Discriminatory Terms, Conditions or Privileges or Services and Facilities it is unlawful: "To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a disability of: a. That person; or b. A person residing in or intending to reside in that dwelling after it is sold, rented, or made available; or c. Any person associated with that person.

67. Plaintiffs belong to a class of persons whom the Fair Housing Act protects from unlawful discrimination because of their association with a person with a disability.

68. Plaintiffs were qualified, ready, willing, and able to continue living in the rental unit consistent with the terms and conditions offered to all potential applicants by OSCEOLA WOODS.

69. FIDUCIARY TRUST SERVICES, LLC., TOMASZ DZIURZYNSKI, by permitting Plaintiffs to move into the unit prior to being interviewed and approved by the board and the HOA continuing to allow them to occupy the property after sending the denial notice points to their qualification, readiness, willingness, and ability to remain in the rental unit.

70. By including police emergencies as behavior that is not in compliance with the rules and regulations of the association and the lease agreement, the Defendants had a policy of treating calls for medical assistance differently from other calls for assistance in the community.

71. This discriminatory condition, one they were not made aware of, unfairly punishes persons with disabilities and those associated with them from seeking necessary medical assistance.

72. Defendants imposed such a condition that was arbitrary and without justification, and such action was motivated by a discriminatory purpose.

WHEREFORE, Plaintiffs, KEITH and CHESSIE BADGLEY, individually, and as parents and guardians for C.H., demands judgment against the Defendants, FIDUCIARY TRUST SERVICES, LLC., TOMASZ DZIURZYNSKI, OSCEOLA WOODS HOMEOWNERS ASSOCIATION, INC., FIRST SERVICE RESIDENTIAL FLORIDA, INC., and CHRISTINA VAN DER WESTHUIZEN, to declare that the actions of the Defendants violated the Fair Housing

Amendments Act and Palm Beach County Code by discriminating against persons with disabilities; and award Plaintiffs injunctive relief to prohibit such discriminatory actions, and extensive training on the requirements of the Fair Housing Act, as well as compensatory and punitive damages, and their attorneys' fees and costs, as well as any other such relief as this Court, deems just and equitable.

### COUNT III— SECTION 42 U.S.C. § 3604(f)(3)(B) AND 15-58(9) OF THE PALM BEACH COUNTY ORDINANCE – FAILURE TO MAKE REASONABLE ACCOMMODATIONS

73. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 49 above as though fully set forth herein.

74. Defendants had actual knowledge of C.H.'s disability when his parents disclosed C.H.'s mental disability.

75. Plaintiffs requested a reasonable accommodation for C.H. to continue residing on the premise and allow the child's medication to take effect, or otherwise, to modify the noise requirements for the child's disability.

76. Pursuant to 42 U.S.C. § 3604(f)(3)(B) and 15-58(9) of The Palm Beach County Ordinance – Failure to Make Reasonable Accommodations it is unlawful "To refuse to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling."

77. An individual seeking reasonable accommodation for a disability need not use "magic" words or explicitly mention the words "Fair Housing Act" or "reasonable accommodation."

78. Plaintiffs statements to Defendants manifested an intention to obtain accommodations for their son's disability and could reasonably be construed as a request for accommodations.

79. Despite this, Defendant failed to consider Plaintiffs requests or statements, whether any reasonable accommodation could have been made to eliminate a perceived threat if any, posed by C.H. and solely sought to impose restrictions upon him and evict the Plaintiffs from their home.

80. Such accommodation, to understand the behavior and needs of a resident with a mental disability, would not be an undue financial or administrative burden or a fundamental alteration on any of the Defendants.

81. At no time did OSCEOLA WOODS HOMEOWNERS ASSOCIATION, INC., FIRST SERVICE RESIDENTIAL FLORIDA, INC., and CHRISTINA VAN DER WESTHUIZEN, or any of its employees or board members attempt to discuss C.H.'s behavior or needs with Plaintiffs.

82. At no time did Defendants or any of its employees or board members, seek to retain any opinion from a medical professional as to C.H.'s behavior and needs.

83. Such actions by Defendants were in total and reckless disregard of Plaintiffs rights and indifferent to C.H's disability and needs.

84. Further, as a direct and proximate result of Defendants' discrimination, Plaintiffs have suffered irreparable loss and injury, including, but not limited to, actual damages, humiliation, emotional distress, and deprivation of the right to equal housing opportunities regardless of disability.

WHEREFORE, Plaintiffs, KEITH and CHESSIE BADGLEY, individually, and as parents and guardians for C.H., demands judgment against the Defendants, FIDUCIARY TRUST

SERVICES, LLC., TOMASZ DZIURZYNSKI, OSCEOLA WOODS HOMEOWNERS ASSOCIATION, INC., FIRST SERVICE RESIDENTIAL FLORIDA, INC., and CHRISTINA VAN DER WESTHUIZEN, to declare that the actions of the Defendants violated the Fair Housing Amendments Act and Palm Beach County Code by discriminating against persons with disabilities; and award Plaintiffs injunctive relief to prohibit such discriminatory actions, and extensive training on the requirements of the Fair Housing Act, as well as compensatory and punitive damages, and their attorneys' fees and costs, as well as any other such relief as this Court, deems just and equitable.

**PLAINTIFFS DEMAND A TRIAL BY JURY FOR ALL ISSUES FOR WHICH A TRIAL BY JURY IS PERMITTED.**

Respectfully submitted on this 12th day of August 2020.

| | |
|---|---|
| By: */s/Matthew W. Dietz*<br>Matthew W. Dietz, Esq.<br>Fla. Bar No.: 0084905<br>DISABILITY INDEPENDENCE GROUP, INC.<br>2990 Southwest 35th Avenue<br>Miami, Florida 33133<br>Telephone (305) 669-2822<br>Facsimile (305) 442-4181<br>mdietz@justdigit.org<br>aa@justdigit.org | By: */s/Tayson C. Gaines*<br>Tayson C. Gaines, Esq.<br>The Gaines Firm<br>1914 37th Street<br>West Palm Beach, FL 33407<br>Office: (561) 543-9226<br>Fax: (305) 357-4098<br>taysong@tgaineslaw.com<br>admin@tgaineslaw.com |